### T. R. BULLARD V. STATE.

No. 25736. March 12, 1952.

Hon. A. O. Newman, Judge Presiding.

*William O. Breedlove,* Brownwood, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is cattle theft; the punishment, two years.

One Gower testified that he had leased a part of his land to appellant, who ran some cattle thereon, and that, on the day charged in the indictment, appellant and one Lewis came to his house and requested his help in killing a red bull belonging to appellant. Gower stated that he went with Lewis and appellant to that portion of the land under appellant's lease, where they let Lewis out, with instructions to kill the red bull; whereupon he and appellant returned to his house to secure a tub and knives in order to butcher. Gower testified further that, upon their return to his house, it was decided that his wife and his sister, Mrs. Nicholson, would accompany them back to the pasture and that they would go in his pickup rather than in appellant's car. Gower related that when they arrived at the pasture he noticed at once that Lewis had not killed appellant's red bull but instead had shot the steer of Tom Cole, the injured party herein; and that when he called this fact to appellant's attention, appellant said, "No, he has killed the right one * * * just keep your mouth shut." Gower stated that the three men loaded the steer in his pickup and returned to his house, where they left the two women and Lewis, while he and appellant drove out on Indian Creek Road to dispose of the remains; and, upon their return, the meat had been butchered, and all of it, except approximately a pound left on the porch by Lewis, was loaded in appellant's car and taken away.

Gower testified that his neighbor Tom Cole had made inquiry of him concerening the missing steer and that he had denied any knowledge of the theft and had told no one until after he had been arrested, at which time he took the officers to the Indian Creek Road, where they recovered the remains. Gower also related that the night after his arrest appellant and Lewis came to his house and accused him and his wife of "turning him in" to the officers.

Mrs. Gower corroborated her husband's testimony, adding that she had refused to allow the men to bring the stolen meat into her house, that she had kicked the portion left on the porch off to the cats and dogs, and that she had not reported the theft because of appellant's threat and because she did not want to get her husband in trouble. It was not shown that she had any further connection with the crime, other than being present when the same was committed and failing to report its commis-

sion to the constituted authorities, nor was it shown that she was ever questioned by any one concerning her knowledge of the theft.

Mrs. Nicholson, Gower's sister, gave practically the same account of the transaction as had been related by Mrs. Gower, repeating that neither of them had assisted in any way in moving or butchering the animal, and related that she had not reported the theft to the officers but had inquired of a friend what he would do if he knew of a cow theft. It was not shown that she was ever questioned by any one concerning her knowledge of the theft.

Bill of Exception No. 1 complains of the failure of the court to grant an instructed verdict and is predicated upon the contention that Mrs. Gower and Mrs. Nicholson were accomplice witnesses as a matter of law and that the record does not disclose their testimony to have been corroborated.

In view of the questions raised, it will not be necessary to discuss the testimony of the other state witnesses.

In McGoodwin v. State, 134 Tex. Cr. R. 231, 115 S.W. (2d) 634, we held Mrs. Smith to be an accomplice witness, where it was shown that she knew that a calf had been stolen and falsely told its owner that the calf was still in the pasture for the purpose of aiding her husband to evade arrest or trial. We see no reason to further extend this rule.

But such is not the case here, as will be seen from a statement of the testimony shown above.

It has long been the holding of this court that mere failure to disclose knowledge of the commission of a crime does not make one an accomplice. 18 Tex. Juris., Sec. 156, pp. 255, 256.

Bill of Exception No. 2 complains of the refusal of the trial court to give a requested charge on the law of circumstantial evidence. His contention, presented at the time of argument, was that the theft had taken place when Lewis shot the steer; and since appellant was not present at that time, he would be guilty of no more than theft of edible meat. With this contention and the refusal of the court to charge as requested in mind, we again consider the facts. At the time the steer was shot, appellant was actually engaged in doing some act toward

the furtherance of their common design to kill an animal, and when he returned and found Tom Cole's steer dead, he said, "No, he has killed the right one * * * just keep your mouth shut." This, we think, authorized the jury in finding him guilty as a principal to the theft and obviated the necessity of a charge on circumstantial evidence.

Bill of Exception No. 3 is directed at that portion of the court's charge wherein he defined an accomplice and concluded with this statement: "Mere failure of one person to inform on another person he knows to have committed a crime will not constitute such person an accomplice." Appellant contends that this charge as applied to the facts of this case was on the weight of the evidence. With this contention, we cannot agree. It will be noted that the above definition is a correct statement of the law and appears in the definition of a term and not in a paragraph where the court applied the law to the facts.

Finding no reversible error, the judgment of the trial court is affirmed.