EMMETT KNIGHT v. STATE.

No. 25916. June 18, 1952.
Rehearing Denied October 29, 1952.

Hon. Max M. Rogers, Judge Presiding.

*M. E. Gates,* Huntsville, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is cattle theft; the punishment, two years.

The prosecuting witness, a resident of Walker County, testified that, on April 15, 1951, he missed two head of his cattle, which were branded "L Y" on the right hip, and that they were returned to him by the sheriff some five months later. One Burgess, a resident of Angelina County, testified that, in April, 1951, he bought a heifer, branded "L Y" on the right hip, from the appellant, who told him at the time that he had bought the animal from an old Negro at Cleveland. Burgess stated that soon after the purchase from appellant he had sold the same to one Dukes. Dukes testified that he had kept the heifer which he bought from Burgess several months, and that the Sheriff of Walker County "came and picked her up."

One Poland testified that, in April, 1951, he bought a cow branded "L Y" from appellant and that some months later the sheriff of Walker County came "down * * * to get the cow."

The sheriff of Walker County testified that, in the course of his investigation of the theft, he had ordered appellant arrested on Saturday, September 8, 1951, and that, on Monday, September 10, appellant told him to whom he had sold the cattle in Angelina County and went with him to show him where the purchasers lived. The sheriff further testified that, upon their return to Walker County, appellant had made a written confession to the district attorney.

Appellant's confession related how he and his nephew had

driven some distance to a pasture, where they roped two head of cattle, loaded them in his truck and hauled them back to Angelina County, where he later sold them.

Appellant, testifying in his own behalf, reaffirmed practically all the statements found in the confession, but denied that he had stolen the cattle, and said that his nephew had told him that the cattle were his, and that he had paid his nephew for them. On the question of the voluntary nature of the confession, the appellant testified that, earlier in the afternoon on the day on which he signed the confession in the district attorney's office, he had been taken out of jail by two rangers, had been carried out in the country, and there subjected to acts of violence which resulted in his being intimidated so that, when he arrived at the district attorney's office, he made what appeared to be a voluntary confession. Appellant makes no claim of mistreatment except on this short trip to the country, which he claims preceded his trip with the sheriff and the rangers to Angelina County.

The sheriff and Mr. Echols, a brand inspector whom appellant mistook for a ranger, testified that they drove appellant to Angelina County to locate the cattle in question. They carefully traced their movements in connection with appellant on the day in question. As we view their testimony, it constitutes a complete denial that the short trip to the country, as described by appellant, was ever made. They further denied that any force or coercion was exerted upon appellant to get him to confess.

Since appellant's only claim of mistreatment arose out of this short trip; and since those who had him in custody denied that such a trip had been made, there remain no undisputed facts upon which the confession may be held to have been involuntarily made. The jury finding disposed of all disputed facts.

The appellant and the district attorney testified that appellant was properly warned before making the written confession.

Bill of Exception No. 1 complains of the overruling of his motion for continuance because of the absence of a character witness.

The record discloses that other witnesses from Angelina County did testify as to appellant's reputation as being a peaceable law abiding citizen.

622

Normally, a refusal to grant a continuance on the grounds of the absence of a character witness will not constitute reversible error. Texas Digest, Crim. Law 595(8).

Finding the evidence sufficient to support the conviction and no reversible error being apparent, the judgment of the trial court is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

In his motion for rehearing appellant complains that the original opinion does not discuss his Bill of Exception No. 2, upon which he apparently relies chiefly for reversal of his case.

We have examined Bill of Exception No. 2, together with the statement of facts bearing on the subject, and are unable to agree with the position taken by appellant. Objection was made to the introduction of the signed confession given to the prosecuting attorney. Appellant admitted that he signed a confession, and the signature is not in dispute. He claims that his confession was only to the effect that he had sold the cattle to certain parties. After making this, he took the officers to the parties and the cattle were recovered. This is in compliance with Article 727, Vernon's Ann. C.C.P., unless it may be shown that the same has been altered or added to after he had signed same, or that it was produced by reason of fear and coercion, as testified to by him. The issue thus raised in each instance was controverted and an issue thereon given to the jury in the court's charge. Their verdict resulted in a finding against this contention.

It is argued in the motion that this evidence was not controverted by the officers after the accused had testified as to their misconduct. Our examination of the statement of facts reveals a denial that such things took place, as was stated in the original opinion. We are, therefore, unable to sustain the argument and to apply to this case the rule laid down in the authorities cited.

The motion for rehearing is overruled.