WILFORD CLAYTON CARR V. STATE

No. 28,914. April 3, 1957.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) May 15, 1957.

*Edgar L. Smith,* Dallas, for appellant.

*Henry Wade,* District Attorney, *Lancaster Smith* and *George P. Blackburn,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is burglary; the punishment, 12 years.

Mr. and Mrs. Horton testified that they locked their house as they left for work on the day in question and when they returned in the evening the front door had been forced, their radio and television sets were missing, and both sets were later returned to them by the police. Mrs. Horton testified that she found marks on the front door which appeared to have been made by a screwdriver.

Appellant's confession was introduced into evidence. We quote therefrom:

"* * * I drove by the house a couple of blocks and then went back and drove in the driveway. Marie went up to the door and knocked. Nobody came, she opened the door. I was about 10 steps behind her. She went in the door and came back out. I went in and got a TV set. It was a Motorola set. It was setting by the window in the corner of the front room. There was a radio on top of the TV set. Marie opened the car trunk for me. I put the TV in the trunk and went back and got the radio. I put it in the seat of the car. Marie drove when we left. We carried the TV to the corner of Farris and Good Latimer and sold it at the two pump filling station and garage. I don't know who I sold the TV set to but I sold the radio to Bill Burford who operates the station. I got $5 for the radio and $20 for the TV. I got $8 or $9 and Marie got the rest. I do not know whose house we went in and nobody gave me permission to go in the house * * * ."

Officer Rowland testified that after securing the above information from the appellant he went to the filling station therein described and was able to recover both sets and return them to the Hortons.

The appellant, testifying in his own behalf, stated that Marie Foust had told him that the house which they entered belonged to her grandparents and that the radio and television sets belonged to her and that she paid him seven or eight dollars after they sold the sets for going with her to get them. He denied that he had seen Marie use any force to enter the front door other than to turn the knob and open the door. He stated that when first arrested he had given the officers this version of the incident but that they refused to accept such a statement and kept him in jail for three days until he finally made the statement introduced in evidence because he was afraid of the offi-

cers. He admitted that when first questioned he did not tell the officers about disposing of the property and gave as his reason that he was "trying to protect the people that bought the stuff."

He admitted that he had served terms in the penitentiary for four prior burglary convictions.

The officers who took the appellant's confession denied that they had threatened the appellant in any way or purposely done any act to frighten him.

We find the evidence sufficient to support the conviction.

A great many of the propositions advanced in appellant's brief cannot be considered because the testimony concerning the same was admitted without objection. We shall, however, discuss the appellant's contention that the confession was inadmissible.

Flores v. State, 143 Texas Cr. Rep. 382, 158 S.W. 2d 1012, relied upon by the appellant, was reversed because the trial court failed to submit to the jury the fact issue as to whether or not the appellant had been properly warned prior to the taking of his confession. In the case at bar, Officer Rowland was asked a question concerning the warning, which included the phrase, "it could be used for or against him," but the interrogator was interrupted, the question was not finished or answered, and the witness then testified that the proper warning was given. No fact issue was raised by this incident.

It must be remembered that in the case at bar the appellant did not testify that he had been physically mistreated by the officers. He merely said that one of the officers told him, "You'd better come on and tell the truth, I'm getting tired of fooling with you," and that they had denied him permission to see a lawyer until he made the statement which he did make. This was denied by the officers, and there was therefore no undisputed evidence which would render the confession inadmissible as a matter of law. Petrey v. State, 158 Texas Cr. Rep. 658, 258 S.W. 2d 308; Sampson v. State, 160 Texas Cr. Rep. 302, 268 S.W. 2d 661; and Parsons v. State, 160 Texas Cr. Rep. 387, 271 S.W. 2d 643. The voluntary nature of the confession was submitted to the jury in the charge, and the jury's verdict adverse to the appellant is amply supported by the evidence.

Finding the evidence sufficient to support the verdict and no reversible error appearing, the judgment is affirmed.