## JOSE AMAYA V. STATE

No. 33,569. October 2, 1961
Motion for Rehearing Overruled November 15, 1961

George Rodriguez, El Paso, for appellant.

William E. Clayton, Former District Attorney, Edwin F. Berliner, District Attorney, Jack N. Ferguson and Oscar G. Galvan, Assistants District Attorney, El Paso, and Leon Douglas, State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for the possession of marihuana; the punishment, two years.

The testimony of the state shows that about 7 p.m. four police officers observed the appellant and two companions leave a tavern and enter appellant's car which he drove to his residence and entered. The officers continued their surveillance. After about 30 minutes, the appellant and his companions left the house and appellant drove his car without lights for about one block. Later, when appellant failed to observe a stop sign, two of the officers stopped him. The officers saw a tobacco can on the front seat of the car near where appellant had been seated which they seized. The two officers returned the appellant to his house where the other two officers had remained. The officers then executed a search warrant which they had for appellant's house. They found a sack under the seat of a kiddie tractor about 20 or 25 feet from appellant's house in his back yard.

It was stipulated that the tobacco can contained 42 grams and the sack 189 grams of a plant substance; and that a chemist of the Texas Department of Public Safety examined the substances and would testify that they were marihuana.

The written statement signed by the appellant was introduced in evidence. It recited that he liked to smoke marihuana and usually kept some at home; and that the marihuana found in his back yard belonged to him, but denied that the marihuana in the car was his.

Appellant called one of his companions as a witness and he testified that he was riding in appellant's car when the officers apprehended them. He stated that he had never seen the tobacco can until one of the officers asked him about it after they had returned to appellant's house; and that he first saw the sack when the officers weighed it. He further testified that appellant obeyed all stop signs before the officers stopped them.

The wife of the appellant testified that he came home about 7 p.m. and soon left to take one of his companions home. She stated that shortly thereafter the officers came with a search warrant and searched the house and yard. She further stated that she had never seen the tobacco can or the sack until the officers showed them to her.

The appellant, testifying in his own behalf, stated that he drove his car to his home to eat supper and then left to take his companion home; that the car lights were on at all times and that he obeyed all stop signs. He denied having any knowledge of the tobacco can or the sack under the tractor until the officers showed them to him. He admitted signing the statement but denied ever having anything to do with marihuana or knowing anything about ths marihuana mentioned therein, and said he signed the statement because the officers threatened to put his wife in jail and place his children on "welfare."

The voluntary character of the written statement was submitted to the jury.

The evidence is sufficient to sustain the conviction.

Appellant insists that the trial court erred in refusing to grant his motion for a mistrial on the ground that certain testimony left the impression with the jury that he had before been engaged in similar transactions.

The testimony complained of occurred during the examination of Officer Krieger by appellant's counsel about the making of appellant's written statement. The record shows the following:

"Q. During all that hour you heard nothing about his wife being mentioned? That wasn't mentioned? A. No, the man brought up his past times he has been caught and—

"Appellant's Counsel: Object to that, if the Court please, and and ask for a mistrial at this time on that ground.

"The Court: All right. The objection will be sustained, but your motion will be overruled. Ladies and Gentlemen of the Jury, you will not consider that for any purpose whatsoever.

"Appellant's Counsel: Note my exception.

"Q. You were talking there for an hour isn't that right? A. That's what I am getting at. We talked continuously about things of his past.
"Appellant's Counsel: That's all."

The objection, although too general, to Officer Kreiger's first reference to appellant's past was sustained and the jury was instructed not to consider it for any purpose. Immediately following, Officer Krieger again referred to "things of his (appellant's) past", and no objection was made thereto or a request that such references be excluded, or the jury instructed not to consider it. The minimum punishment was assessed. The refusal of the motion for a mistrial was not error.

It is contended that the admission in evidence of appellant's written statement was error on the ground it was involuntarily made.

The testimony of Officer Nava, to whom the written statement was made, and of Officer Krieger, who was present when it was made and signed, that the appellant voluntarily made and signed it authorizes its admission in evidence. No error is presented. Knight v. State, 157 Tex. Cr. Rep. 619, 252 S.W. 2d 170.

The judgment is affirmed.

Opinion approved by the Court.