**554**

Carl Gale HARDING, Appellant,

v.

The STATE of Texas, Appellee.

No. 41492.

Court of Criminal Appeals of Texas.

Sept. 16, 1968.

Ashley & LauBach, by William M. Lau-Bach, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell, Asst. Dist. Atty., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

Layne R. Turner, San Angelo, court appointed, for appellant.

Frank C. Dickey, Jr., Dist. Atty., David A. Robertson, Asst. Dist. Atty., San Angelo, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is cattle theft; the punishment, ten years.

■ Appellant's ground of error number one is that the trial court erred in failing to grant him a new trial because he discovered that one of the State's witnesses had given perjured testimony at appellant's trial. Appellant contends that the witness gave perjured testimony after being threatened by a deputy sheriff with prosecution for perjury arising out of another case unless she testified in the manner in which he directed her. On cross-examination appellant's counsel questioned the witness regarding a conversation she had with appellant during the morning of the trial, and asked:

"Q. (By appellant's counsel) Didn't you tell this Defendant that (the deputy sheriff) told you that in the event that you didn't testify that you saw him (appellant) leave in that car, in that Oldsmobile, that he would get you in trouble for perjury in the Westbrook case? Now tell the truth * * *.

A. No. sir, he didn't. He told me to tell the truth, * * *."

It is apparent from the above that appellant had knowledge of the alleged perjury at the time of the trial, and the jury passed upon the credibility of the witness. Appellant did not testify at the trial and put in issue her denial of the alleged perjured testimony. He may not raise as grounds for a new trial matters known to him at the trial.

"Where it appears the defendant or his counsel knew of the alleged new testimony at or before the trial * * * * or where the alleged new testimony is of such character as that defendant must necessarily have known of its existence prior to trial, and the trial court in the exercise of its sound discretion has refused a new trial, the judgment will not be reversed to permit him to take advantage of his own negligence and obtain a new trial to get testimony which he should and could have had at the trial."

1 Branch's Ann.Penal Code, 2nd Ed., Sec. 220. See also Gephart v. State, 157 Tex. Cr.R. 414, 249 S.W.2d 612, and Mims v. State, 140 Tex.Cr.R. 647, 146 S.W.2d 754. Appellant's first ground of error is overruled.

■ As his second ground of error appellant contends that "the court erred in not instructing a verdict for the appellant in that there was a reasonable doubt, as a matter of law, that the appellant was guilty as charged in the indictment." We will treat this ground as a challenge to the sufficiency of the evidence.

On the night in question two deputy sheriffs observed a 1951 green Oldsmobile traveling on a certain highway and when they reached it, it was abandoned by its driver on the side of the road with the door open and motor running. In the rear seat was a dead, bloody calf, later discovered to have been stolen from nearby Angelo State College Farm. Shortly after the car was abandoned and some two and a half miles from the scene of abandonment, the same two deputy sheriffs picked up appellant garbed in trousers covered with bovine blood, his hands likewise stained with the same substance. The car was identified as one that had been sold to appellant some three weeks prior to the occurrence in question. Under this state of facts, the court did not err in failing to instruct a verdict of not guilty for we find the evidence amply sufficient to support the verdict. Beyer v. State, 172 Tex.Cr.R. 279, 356 S.W.2d 436; Dagley v. State, 171 Tex.Cr.R. 465, 351 S.W.2d 229; Orr v. State, 161 Tex.Cr.R. 529, 278 S.W.2d 301; Banks v. State, 160 Tex.Cr.R. 418, 271 S. W.2d 661; Knight v. State, 157 Tex.Cr.R. 619, 252 S.W.2d 170; and Bullard v. State, 157 Tex.Cr.R. 80, 246 S.W.2d 882.

Finding no reversible error, the judgment of the trial court is affirmed.