Opinion filed September 4, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed September 4,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-06-00309-CR 

                                                     __________                                  

 

NATHANIEL HAWKINS JR., Appellant

 

V.

 

STATE OF TEXAS, Appellee

 

 

 



 

On Appeal from the 241st District Court

 

 Smith County, Texas

 

Trial Court Cause No. 241-1420-05

 



 

                                                                   O
P I N I O N

The
jury convicted Nathaniel Hawkins Jr. of the offense of aggravated sexual
assault.  The jury also made an affirmative finding regarding a deadly weapon
allegation and assessed Hawkins=s
punishment at confinement for life.  We affirm.








On
appeal, Hawkins maintains in his first issue that the trial court erred when it
denied his motion for mistrial made after a juror informed the trial court that
the juror had just learned (from the testimony) that a hammer and mask had been
found behind his house during the investigation of this offense.  In his second
and final issue on appeal, Hawkins claims that his trial counsel afforded
ineffective assistance of counsel in some fourteen named instances.  The State
has chosen not to favor us with a brief and has, therefore, confessed error. 
We are required, however, to make an independent examination of the merits of
the issues presented for review.  We are limited in that examination to the
arguments advanced in the trial court.  Saldano v. State, 70 S.W.3d 873,
884 (Tex. Crim. App. 2002); Isham v. State, No. 11-06-00311-CR, 2008 WL
2246657 (Tex. App.CEastland
May 28, 2008, pet. filed).

There
is no attack on the legal or factual sufficiency of the evidence.  However, we
believe that a brief summary of the evidence is necessary.

The
testimony shows that, within less than one hour after the twenty-year-old
victim had opened her place of employment at 8:00 a.m. for the day=s business, she was
threatened and sexually assaulted, both orally and vaginally, and that police
officers had Hawkins in custody for committing the crimes.  The victim called
9-1-1 and reported the crime at 8:34 a.m.; Hawkins was arrested at 8:43 a.m. while
the victim was still talking to the 9-1-1 officer.  Hawkins was arrested in
close proximity to the place where the assault took place and was wearing the
same clothing that the victim said that he was wearing at the time of the
attack.  The police found a hammer and a black nylon stocking in close
proximity to the place of the attack and the place where the police arrested
Hawkins.  The victim had reported that her assailant was wearing black hosiery
over his face and had a hammer with which he threatened her as he made her go
into a storage room, remove all of her clothing, and forced her on her knees as
he penetrated her first orally and then vaginally.  Hawkins threatened to kill
her if she told.  He also told her to act like she liked it.  The victim testified
that, when Hawkins heard the sound of an ice machine dumping ice, he must have
thought that someone was coming in.  The victim escaped to a bathroom, and
Hawkins left.

The
victim positively identified Hawkins as the man who threatened and sexually
assaulted her.  Various types of materials and substances for DNA testing were
gathered from the victim as well as from Hawkins by police and by a sexual
assault nurse examiner.  This DNA testing positively connected Hawkins to the
sexual assault.








After
a lunch break, the trial court=s
bailiff informed the judge that one of the jurors had something that he needed
to tell him.  The trial court instructed the bailiff to tell the juror to put
what he wanted to say in writing.   The juror wrote a note to the trial court
that read:

Dear
Judge, I live at 201 North Hearon.  I didn=t
know that Whitehouse police found a hammer and mask at my address until this
morning in your courtroom.  Nobody talked to me at any time this past year
about it.  Thanks.

 

Maintaining
that, because the juror would have personal knowledge of the facts of the case,
Hawkins=s attorney
moved for a mistrial.  The trial court overruled the motion.  On appeal, 
Hawkins argues that he was denied a fair and impartial jury as Aguaranteed by the Sixth
Amendment of the United States Constitution, as well as Article I, '10 of the Texas
Constitution,@ and
that Tex. Code Crim. Proc. Ann. art.
35.16(a)(6) (Vernon 2006) provides that a person is subject to a challenge for
cause if he is a witness in the case.

When
a trial court denies a motion for mistrial, we review that denial for an abuse
of discretion.  See Hawkins v. State, 135 S.W.3d 72, 76-77 (Tex. Crim.
App. 2004).  Only highly prejudicial and incurable errors will necessitate a
mistrial.  Simpson v. State, 119 S.W.3d 262, 272 (Tex. Crim. App.
2003).  

While
one is entitled to challenge a potential juror for cause if that person is a
witness in a case, such a person is not disqualified to serve as a juror.  See
Tex. Gov=t Code Ann. ' 62.102 (Vernon
Supp. 2007).  One of the cases upon which Hawkins relies is Petrey v. State,
258 S.W.2d 808 (Tex. Crim. App. 1953).  There, Lemke was a compurgator on a
change of venue affidavit.  He was also a witness at the hearing on the motion
for change of venue.  He had talked to the defendant after the charges of rape
had been filed against the defendant. Lemke had also contributed money to help
pay for the defendant=s
attorney=s fees.  The
trial court granted the state=s
challenge for cause against Lemke.  The Court of Criminal Appeals found no
error.  Hawkins, 258 S.W.2d at 809.  

Another
case upon which Hawkins relies is Rubenstein v. State, 407 S.W.2d 793
(Tex. Crim. App. 1966).  Rubenstein is the AJack Ruby@
case (shooting of Lee Harvey Oswald).  There, service of witnesses as jurors is
discussed in a concurring opinion where it was recognized that ten persons on
the jury had actually seen the shooting on television.








Wyle
v. State, 777 S.W.2d 709 (Tex. Crim. App. 1989), is another case upon which
Hawkins relies.  In Wyle, the defendant was charged with capital
murder.  Potential Juror Shotwell had been called to the scene of the crime by
someone in the sheriff=s
office.  As the director of the only funeral home in the county, Shotwell was
obliged to remove the body.  He was at the scene for a couple of hours and saw
the body of the victim as well as the blood at the scene. Shotwell visited with
the officers while at the scene of the crime because he knew all of those who
were investigating the crime.  He also transported the body to the medical
examiner=s office. 
Shotwell had also directed the funeral services for the victim.  He was a
witness at a hearing to transfer venue of the case.  The trial court overruled
appellant=s challenge
for cause. Wyle, 777 S.W.2d at 711-12.  The Court of Criminal Appeals
held that the trial court erred when it overruled the challenge because it
should have been apparent that Shotwell was a witness in the case.  

The
case before us is distinguishable from those relied upon by Hawkins.  In those
cases, the record contained evidence that clearly showed that the potential
jurors were witnesses.  Here, the juror did not even know that the hammer and
the black hosiery had been found behind his house until the officer testified
that the items had been found there.  Further, there is nothing in the record
beyond mere conjecture as to what the juror knew about the case, if anything. 

The
final case upon which Hawkins relies in support of this issue is Reyes v.
State, 30 S.W.3d 409 (Tex. Crim. App. 2000).  Reyes dealt with the
issue of completion of a trial with eleven jurors when one juror became
disabled after the trial had started.  See Tex. Code Crim. Proc. Ann. art. 36.29(a) (Vernon Supp. 2007).  The case involved
a juror=s mental
condition or emotional state.  No such evidence is presented here. 

Hawkins
has not shown that the trial court  abused its discretion when it denied the
motion for mistrial.  We overrule the first issue on appeal.








Hawkins
asserts in some fourteen instances that he received ineffective assistance from
his trial counsel.  In order to prevail on a claim of ineffective assistance of
counsel, an appellant must establish that his lawyer=s performance fell below an objective standard
of reasonableness and that there is a Areasonable
probability@ the
result of the proceeding would have been different but for counsel=s deficient performance.  Strickland
v. Washington, 466 U.S. 668, 693-94 (1984); Mallet v.  State,
65 S.W.3d 59, 62-63 (Tex. Crim. App. 2001).  A reasonable probability is a
probability sufficient to undermine confidence in the outcome of the trial.  Hernandez
v. State, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986).  The purpose of this
two-pronged test is to judge whether counsel=s
conduct so compromised the proper functioning of the adversarial process that
the trial cannot be said to have produced a reliable result.  Thompson v.
State, 9 S.W.3d 808, 812-13 (Tex. Crim. App. 1999).

The
review of defense counsel=s
representation is highly deferential and presumes that counsel=s actions fell within a
wide range of reasonable professional assistance.  Tong v. State, 25
S.W.3d 707, 712 (Tex. Crim. App. 2000).  An appellant must overcome the presumption
that, under the circumstances, the challenged action might be considered sound
trial strategy.  Jackson v. State, 877 S.W.2d 768 (Tex. Crim. App.
1994); Hayden v. State, 155 S.W.3d 640, 648 (Tex. App.CEastland 2005, pet. ref=d).  To overcome the
presumption of reasonable professional assistance, Aany allegation of ineffectiveness must be
firmly founded in the record, and the record must affirmatively demonstrate the
alleged ineffectiveness.@ 
Thompson, 9 S.W.3d at 814 (quoting McFarland v. State, 928 S.W.2d
482, 500 (Tex. Crim. App. 1996)).

Generally,
the record on appeal will not be sufficient to show that trial counsel=s representation was so
lacking as to overcome the presumption of reasonable conduct.  Bone v. State,
77 S.W.3d 828, 833 (Tex. Crim. App. 2002).  We do not inquire into trial
strategy unless no plausible basis exists for trial counsel=s actions.  Johnson v.
State, 614 S.W.2d 148, 152 (Tex. Crim. App. 1981).  When the record
contains no evidence of the reasoning behind trial counsel=s actions, we cannot
conclude that counsel=s
performance was deficient.  Jackson, 877 S.W.2d at 771.








Hawkins
first assails his trial counsel=s
conduct in that she did not object when the State read the indictment during
its voir dire examination of the jury panel.  Hawkins relies upon Tex. Code Crim. Proc. Ann. art. 26.11
(Vernon 1989), art. 36.01 (Vernon 2007) for the proposition that these are the
only provisions that allow for the reading of the indictment.  We hold that
neither prohibits the reading of the indictment.  Rather, Article 26.11
provides for one step in the arraignment process, and Article 36.01 simply
provides for the order of a trial.  Neither contain a prohibition against the
reading of the indictment as a part of the voir dire process (except that prior
convictions used for enhancement are not to be read until the punishment phase
of the trial).  See Article 36.01(a)(1).  Hawkins has not established
that his trial counsel provided ineffective assistance to him when she did not
object to the prosecutor=s
reading of the indictment during voir dire examination of the jury panel.

Hawkins
next complains that his trial counsel was ineffective when she failed to object
to a Acommitment
question@ asked by the
prosecutor during voir dire.  The question was: A[W]ho
here thinks DNA is reliable?@ 
The question was almost immediately changed to: AWho
here thinks DNA is unreliable?@ 
It is impermissible to attempt to bind or to commit a prospective juror to a
verdict based upon a hypothetical set of facts.  Standefer v. State, 59
S.W.3d 177, 179 (Tex. Crim. App. 2001).  A commitment question is one by which
a prospective juror commits to resolve, or to refrain from resolving, Aan issue a certain way
after learning a particular fact.@ 
Id.  The question must first seek a commitment from the prospective
juror.  The question asked by the prosecutor in this case did not seek a
commitment in that the prospective jurors were not being asked to bind
themselves Ato a
verdict based on a hypothetical set of facts.@ 
See id.  Hawkins=s
trial counsel did not have a valid objection to the questions asked.  Hawkins
has failed to establish that he was afforded ineffective assistance by his
trial counsel when she did not object to those questions.

Hawkins
apparently takes exception to the fact that his trial counsel did not file a Daubert[1]
motion regarding the testimony of Jody Hrabal, the State=s DNA expert, and the
testimony of a forensic chemist called by the State to testify regarding
casting of shoe prints found near the scene of the crime.  Hawkins does not
tell us what information would have been uncovered by filing such a motion or
what the effect of such a motion might have been.  Further, Hawkins does not
provide us with any evidence of the reasoning behind trial counsel=s conduct.  Absent such, we
cannot conclude that trial counsel=s
performance was deficient.  Isham, 2008 WL 2246657.   Conjecture will
not overcome the presumption that trial counsel=s
conduct was reasonable.  Counsel and the trial court held a bench conference
during which the court mentioned that trial counsel already had all of the DNA
expert=s materials. 
Hawkins has not met his burden to show that his attorney rendered ineffective
assistance of counsel when she did not file a Daubert motion with regard
to these two witnesses.








The
State did not designate as a witness the forensic chemist who testified
regarding the shoe prints.  Trial counsel did not object.  Trial counsel did
not object under Tex. R. Evid.
702, either.  Hawkins takes issue with both failures.  Again, we have not been
presented with anything to show what would have been discovered, or what object
would have been achieved, by making these objections.  Hawkins has not met his
burden to overcome the presumption that trial counsel=s representation was reasonable.  

Hawkins
asserts that his trial counsel also offered him less than effective assistance
when she did not object to a portion of Hrabal=s
testimony.  Hrabal testified that she was a forensic DNA analyst supervisor. 
An analyst under her supervision performed DNA testing of a shirt Hawkins was
wearing at the time of the assault; the results of that testing revealed a
perfect mixture of Hawkins=s
DNA and the victim=s. 
Hawkins claims that his trial counsel failed to provide him with effective
assistance when she did not object when the State did not lay a proper
predicate, she did not make a hearsay objection, she did not assert his right
to confrontation, and she did not make an effort Aunder
standards reflected in Cole vs. State, 839 S.W.2d 798 (Tex. Crim. App.
1990) and U.S. vs. Oates, 560 F.2d 45 (2nd Cir. 1977), as to the evidence
not fitting within or into any exception to the hearsay rule, and in fact, in
the trial of this cause, no proper predicate was laid.@  Hawkins has not pointed out in what
particulars the State failed to lay a proper predicate, how the testimony did
not fit into any exception to the hearsay rule, and exactly what Aefforts@ trial counsel failed to
make under generalized Astandards@ referred to by Hawkins. 
Again, Hawkins makes broad, general statements and does not refer us to
evidence by which he overcomes the presumption that his trial counsel rendered
reasonably effective assistance to him.  These alleged failures have not been
shown to have resulted in rendition of ineffective assistance to Hawkins.

Hawkins
next makes two general claims aimed at his trial counsel=s failure to call the DNA expert which had
been appointed to perform tests on behalf of Hawkins.  It has not been shown to
what that expert would have testified.  There is nothing in this record or in
Hawkins=s argument to
overcome the presumption that trial counsel rendered Hawkins reasonable
professional assistance in this regard.








Hawkins
faults his trial counsel for not filing a motion to suppress.  He then makes
the comment Aalthough
there were discussions with regard to the extensive media coverage of this
crime had early in the trial of this cause.@ 
Hawkins has waived any error under this part of his presentation.  Tex. R. App. P. 38.1(h).  The same is
true of Hawkins=s
general statement, without more, that charge errors were made.  Id.

Next,
Hawkins assails his trial attorney for not cross-examining the victim.  It
seems that his main argument is related to identification:  that the victim was
able to identify him because she was still talking to the 9-1-1 operator when
she was told by the operator that AI
think they have him.@ 
Hawkins has not presented us with anything to rebut the presumption that the
decision not to cross-examine the victim was sound trial strategy.  Therefore,
Hawkins has not overcome the presumption that trial counsel=s decision not to
cross-examine the victim resulted in his receiving ineffective assistance of
counsel.

Hawkins
claims that his trial counsel should have called character witnesses.  Again,
we are not provided with any evidence that such testimony does or does not
exist or with what that evidence would have been if offered.  Hawkins has not
been shown that trial counsel was ineffective for failing to present character
evidence.








Hawkins
further attacks the representation afforded him because of trial counsel=s failure to object to the
State=s argument in
which it called Hawkins a coward.  The argument was not objectionable because
it was proper as a reasonable deduction from the evidence.  The Fort Worth
Court of Appeals, in holding that an argument that the appellant there was Athe biggest coward that
walks the face of the earth,@
has recognized that Texas courts have upheld arguments calling a defendant an
animal, a fool, vicious, a liar, a dog, a cold‑blooded killer, a jerk, a
troublemaker, and a one‑man crime wave and contending that a defendant Ahas no conscience, no
heart, no recognition of right or wrong [and is] perched on the rim of hell,
looking deep into it@
as reasonable deductions from the evidence in light of the facts of each case. Kennedy
v. State, 193 S.W.3d 645, 657 (Tex. App.CFort
Worth 2006, pet. ref=d)
(citing Belton v. State, 900 S.W.2d 886, 898 (Tex. App.C El Paso 1995, pet. ref=d); Vitiello v. State,
848 S.W.2d 885, 888 (Tex. App.CHouston
[14th Dist.] 1993, pet. ref=d);
Ledesma v. State, 828 S.W.2d 560, 563 (Tex. App.CEl Paso 1992, no pet.); Adams  v.
State, 813 S.W.2d 698, 700‑01 (Tex. App.CHouston [1st Dist.] 1991, pet. ref=d); Garza v. State,
783 S.W.2d 796, 800 (Tex. App.CSan
Antonio 1990, no pet.); Varvaro v. State, 772 S.W.2d 140, 144 (Tex. App.CTyler 1988, pet. ref=d); Cates v. State, 752
S.W.2d 175, 177 (Tex. App.CDallas
1988, no pet.)).  Hawkins has not shown that his trial counsel rendered
ineffective assistance when she did not object to the State calling him a
coward.

Hawkins
asserts that his trial counsel was ineffective because she failed to object
when the prosecutor made the statement: ADid
you see her [the victim] get cross-examined on one inconsistency?  No.@  He also argues that the
prosecutor=s argument
that ADNA can set you
free@ was improper. 
Hawkins=s claim that
these arguments are improper comments on his failure to offer evidence to
contest that he committed this crime is incorrect; they are reasonable
deductions from the evidence.  Hawkins has failed to show that trial counsel=s legal assistance to him
was ineffective for failure to object to these two comments by the prosecutor.

Hawkins
refers to various places in the record where he claims his trial counsel=s failure to object to
improper arguments resulted in his being accorded ineffective assistance of
counsel.  We have reviewed each of these general comments and the record to
which reference is made and cannot match the objection with the content of the
record.  For instance, we are referred to Volume No. Five, pages 155-156
in connection with a claim that the argument constituted a comment on Hawkins=s failure to testify. 
There is no comment on Hawkins=s
failure to testify in that portion of the record.  The prosecutor makes
reference to a statement made by trial counsel during her opening statement
when she told the jurors to be sure to listen to what they did not hear.  The
prosecutor then argues that what trial counsel was trying to do was to send
them Ato the jury room
with the unsubstantiated idea that there is something that you should have
heard but didn=t.@  This is not a comment on
Hawkins=s failure to
testify.  Hawkins has not shown that trial counsel rendered ineffective
assistance when she did not object to it.  The same is true as to Hawkins=s claims that the
prosecutor improperly argued that Hawkins did not offer any evidence to contest
his commission of the crime, that he expressed no remorse, and that he had no
consideration for the victim.  Further, the issues regarding remorse and
consideration for the victim are logical deductions from the evidence.  See
Kennedy, 193 S.W.3d at 657.  Hawkins has not shown that he received
ineffective assistance of counsel in connection with these issues.








Hawkins
maintains that his trial counsel should have objected to improper jury argument
during the punishment phase of the trial.  Although Hawkins directs us to two
pages of the reporter=s
record, he does not tell us specifically what part of those two pages are the
object of his claim that the argument was an improper appeal to community
expectations.  We have reviewed the argument on those two pages of the record
and find that the prosecutor did not engage in improper jury argument.   He
asked the jury to let people know that, if a person committed this type of
crime in Smith County, A[y]ou=re going to get life.@  He asked them to send a
message to people like Hawkins, and he also asked them to assess punishment at
life.  In Goocher v. State, 633 S.W.2d 860, 864 (Tex. Crim. App. 1982),
the prosecutor argued, AI
am asking you to enforce it.  I=m
asking you to do what needs to be done to send these type of people a message
to tell them we=re not
tolerating this type of behavior in our county.@ 
The court held that this argument was proper because it was not Aan unsworn assertion by the
prosecutor, as to the expectations or demands of the community for a particular
result.@  Goocher,
633 S.W.2d at 864-65.  An argument is a proper plea for law enforcement if it
asks the jury to be the voice of the community, instead of asking it to lend
its ear to the community.  Cortez v. State, 683 S.W.2d 419, 421 (Tex.
Crim. App. 1984).  Because here, the argument was not an appeal based upon
unproven sentiments of the community, the argument was proper.  Hawkins has not
met his burden to show that he was afforded ineffective assistance of counsel
for failure of his trial counsel to object to this argument.

Hawkins
also complains that his trial counsel was ineffective when she failed to object
when the trial court entered its judgment that a deadly weapon was used in the
commission of the offense when that issue was not submitted to the jury.  To
the contrary, the jury found that Hawkins was guilty of aggravated sexual
assault as charged in the indictment.  If an indictment alleges that the
offense was committed by using a deadly weapon, then a jury makes an
affirmative finding when it finds that the defendant is found guilty Aas charged in the
indictment.@  Polk
v. State, 693 S.W.2d 391, 394 (Tex. Crim. App. 1985).  That is the case
here, and Hawkins has not shown that his trial counsel afforded him ineffective
assistance in this regard.








Trial
counsel waived argument in the guilt/innocence phase of this trial.  Hawkins
claims that shows that his trial counsel did not know the law because she
apparently thought, mistakenly, that the State could not then argue further
because there was nothing for it to rebut.  Assuming that there was such a
mistake by trial counsel, in view of the overwhelming evidence of guilt in this
case, Hawkins still has not satisfied the second prong of the Strickland test:
that there is a reasonable probability that the result of the proceeding would
have been different but for counsel=s
alleged deficient performance.  See Strickland, 466 U.S. at 693-94. 

The
record reflects that Hawkins was ably represented by his trial counsel.  She
properly participated in pretrial discovery, engaged in voir dire of the jury
panel, and made many successful challenges for cause.  She made appropriate
objections during the trial and conducted cross-examination as was
appropriate.  Trial counsel was presented with evidence that showed that the
victim was sexually assaulted and that a deadly weapon was used during the
assault.  Appellant was located in the near vicinity of the place where the
victim was assaulted, and he was wearing clothing that was described by the
victim.  A hammer and black hosiery was used during the commission of the
crime, and the place where Hawkins was arrested was in the near vicinity of the
place where those items were found.  Lab results conclusively proved that the
victim=s DNA was
located on pieces of Hawkins=s
shirt and underclothing.  Hawkins has not met his burden to show, upon this
record, that trial counsel ineffectively represented him.

With
the possible exception of the matter involving waiver of jury argument, Hawkins
has not shown that trial counsel=s
performance fell below an objective standard of reasonableness.  On the issue
of waiver of jury argument, Hawkins has not shown that there is a reasonable
probability that the result of the proceeding would have been different but for
counsel=s deficient
performance.  Id.  All of Hawkins=s
complaints regarding ineffective assistance of counsel have been considered,
and each is overruled.

We
affirm the judgment of the trial court. 

 

 

JIM R. WRIGHT

CHIEF JUSTICE

September 4,
2008

Publish.  See
Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,


McCall, J., and Strange, J.









[1]Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993).