WALTER FLETCHER v. THE STATE.

*No. 1258.  Decided February 17th, 1897.*

### 1.  Trial—Postponement to Enable Counsel to Look Into the Case.

Upon the call of the case for trial on the 7th of October, after defendant had announced ready for trial, one P., an attorney, verbally asked the court to postpone the case in order that he might have time to look into it; which request was refused by the court.  It appearing that attorneys appointed by the court, with defendant's consent, had waived service of the copy of the indictment and consented, on the 6th of October, to go to trial on the 7th; and that they had consulted with appellant and had process issued for his witnesses, who were in attendance and testified:  Held: No reversible error in the court's refusal to postpone the trial.

### 2.  Rearguing Motion for New Trial After Sentence.

It is not necessary to formally set aside the sentence, where it has been theretofore pronounced, before reconsidering the motion for a new trial; and the sentence, having never been set aside remains in full force and effect if the new trial be not granted upon its reconsideration.

### 3.  New Trial—Newly-Discovered Evidence.

The action of the court, in refusing a new trial for newly-discovered evidence, cannot be passed upon, on appeal, in the absence of a statement of facts; the rule being, that a new trial will not be granted for newly-discovered evidence which would not probably result in a different verdict.

### 4.  Evidence—Rulings as to—Bills of Exception.

Bills of exception must be reserved to the ruling of the court in admitting or rejecting evidence, to entitle such rulings to revision on appeal.

### 5.  Absence of Statement of Facts—Verdict.

In the absence of a statement of facts, the Appellate Court cannot determine whether the verdict is, or is not, supported by the evidence.

APPEAL from the Criminal District Court of Dallas.  Tried below before Hon. CHARLES F. CLINT.

Appeal from a conviction for assault with intent to murder; penalty, five years' imprisonment in the penitentiary.

No statement of facts in the record.

No brief for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of an assault with intent to murder, and his punishment assessed at confinement in the

37th Tex. Crim. Rep.—13.

penitentiary for five years. There is no statement of facts in the record. Appellant complains that he was forced to trial before the expiration of two days after the service of a copy of the indictment on him. There is no bill of exceptions reserved to the action of the court pertaining to this matter. On the contrary, the bill of exceptions shows that the attorneys, with the consent of the appellant, waived service, and consented, on the 6th day of October, to go to trial on the 7th of October, and on the 7th day of said month a jury was empaneled and sworn. The defendant announced ready, when J. C. Patton appeared in court, and asked that the trial be postponed until he could look into the case. This verbal motion to postpone the case for the purpose of giving Mr. Patton time to examine the case was overruled. The court explains that Messrs. Scott & Hildebrand, counsel appointed by the court, had consulted appellant, and obtained the names of all the witnesses, and had process issued for them, and they were all present when appellant announced ready for trial, and all testified in the case. We see no reversible error in this. It appears from the record that the motion for a new trial was filed and overruled, and sentence pronounced by the court. Subsequently the motion was reargued, and again overruled. Now it is complained that this was irregular. We find nothing wrong in this procedure. If the court, upon the reconsideration of the motion, had been of the opinion that it should have been granted, and had granted a new trial, this would have affected the sentence. See, Code Crim. Proc., 1895, Art. 819. It was not necessary to formally set aside the sentence before reconsidering the motion for a new trial. There is a sentence in the record which was never set aside, and is in full force and effect. We cannot pass upon the action of the court in refusing to grant a new trial upon the alleged newly-discovered testimony, in the absence of a statement of facts. Everything brought forward in support of the motion, in the shape of newly-discovered testimony, may be true, and yet the defendant be guilty of an assault with intent to murder; the rule being that, to authorize a new trial upon newly-discovered testimony, it must be such as would probably result in a different verdict. This court cannot pass upon this question in the absence of a statement of facts. There is no bill of exceptions to the action of the court in permitting the State's attorney to introduce record evidence of other cases in Dallas County, showing the defendant had been arrested. The rule is well settled that bills of exception must be reserved to the ruling of the court in admitting or rejecting testimony. In the absence of a statement of facts, this court cannot determine whether or not the verdict is not supported by the evidence. We find no reversible error in this record, and the judgment is affirmed.

*Affirmed.*