## GOYE JOHNSON v. THE STATE.

No. 20677. Delivered January 3, 1940.

The opinion states the case.

*Florence & Florence, Russell Surles,* and *Otis Dunagan,* all of Gilmer, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

This is an appeal from the District Court of Upshur County in which appellant was given a sentence of fifty years in the penitentiary for murder, the victim being his wife.

The appellant, a negro, lived in a saw-mill community in the rural district of Upshur County. According to the written confession made by the appellant and introduced in evidence, he and his wife had had trouble for several years. Their immediate difficulty was because of the fact that the deceased had become infatuated with another man living across the line in Harrison County some distance away. He found a letter, which it is claimed that the deceased had written to this man, disclosing her affections for him, and revealing their relationship to the appellant. This gave rise to the difficulty which for a time promised to end in an agreement that they would attend a gospel meeting which was in progress in that community the next night and get the Holy Ghost together; that each would forget and forgive and try to be happy together. In pursuance of this agreement, appellant went to his work in the morning as a laborer at a saw-mill, while his wife, according to the defense, made her way to the highway looking for transportation

into Harrison County to meet the man whom she loved. Learning of this, appellant, with the permission of the foreman of the mill, left his work and pursued his wife. The killing followed soon thereafter, but the details are immaterial to the questions which we will consider on this appeal.

In mitigation of the offense and for the purpose of reducing the penalty which the jury may assess, evidence was offered affecting the mentality of the appellant. In a proper case this evidence may be admissible, but we are unable from the appellant's bill of exception with the court's qualification thereof, to say that there was error in the manner in which the evidence was offered and in the light of the objections made.

The State had shown by the written confession of the appellant that he and his wife had been getting along badly for some time. To match this, appellant offered a number of witnesses to show the contrary relationship. It was presented in the bill "in all cases where the State offers testimony to show quarrels, ill will, and a state of bad feeling existing on the part of the person on trial toward the party killed as evidencing a motive for the homicide, evidence tending to show a different state of feeling—that he was kind in his attentions to his wife; that their relations were pleasant and agreeable, ought to be admitted." We think this bill presents a correct principle of law.

Appellant took the witness stand in his own behalf and at the conclusion of his testimony he was asked by his attorney if he had ever been charged in the courts of the country with any violation of the law to which he answered that he had not. On cross-examination inquiry was made into certain criminal acts which the appellant was forced to admit before the jury but which had never resulted in any charges being filed against him and none were pending. This evidence was timely objected to, but the objections were overruled by the court. It was error to go into these specific acts for the purpose of impeaching the appellant as a witness. Burl Simons v. State, (No. 20,610) not yet reported (pending on motion for rehearing) ; Branch's Ann. Tex. P. C., p. 102, Sec. 168.

By a bill of exception appellant complains of the refusal of the court to permit him to ask Garfield Hall, a witness, the following question: "Q. Are you acquainted with this negro boy's general reputation for peace and quietude down in the country where he has been living through the years."

It is shown that the witness would have answered that he did know the appellant's reputation and that he would further have stated that it was good. The State objected on the ground

that the question "was too remote to have any bearing on this case and to be admissible in this case."

In Morton v. State, 14 S. W. (2d) 852, this Court said "Long before we had the Suspended Sentence Law (Acts 1911, c.44), this Court repeatedly said that proof of good reputation for peace and law observance was relevant, and to be considered by the jury as any other testimony in determining the guilt of the accused."

The proposition that a defendant in the trial of a criminal case may show his good general reputation in the community in which he lives is not one open for discussion. It is a matter properly to be considered by a jury, either in determining the guilt of the defendant or in fixing the penalty appropriate to his case. We are unable to see merit in the State's objection. The exclusion of the evidence by the trial court was error requiring a reversal of the case.

We believe that the foregoing disposes of all the questions presented on appeal which it will be necessary to consider for a proper disposition of the case in this Court, as some of the questions would not likely be raised on another appeal, and a discussion of them would hardly be helpful upon another trial of the case.

For the errors pointed out, the case is reversed and remanded for a new trial.