JOHN GILSON and LOUIS K. GEGALOS V. THE STATE.

No. 21265.  Delivered November 27, 1940.

The opinion states the case.

*H. B. Galbraith* and *H. L. Yates,* both of Brownsville, for appellants.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

A fine of five hundred dollars each was assessed against the appellants upon a conviction for aggravated assault.

Two women gave testimony which, if accepted by the jury, would have entitled appellants to an acquittal. It is shown that there was nothing in the testimony adduced upon the trial or in the demeanor or appearance of these women indicating that they were women of ill-fame. In their motion for new trial, appellants alleged that the jury, after retiring to deliberate upon the case, received other testimony. The specific complaint was that, before the verdict was reached, one of the jurors stated, in the presence and hearing of the other jurors, that the women to whom we have referred were whores. According to the testimony heard upon the motion for new trial, it was uncontroverted that one of the jurors, in referring to the women in question, said to the other jurors: "Well, John's (referring to appellant Gilson) lined up two of his whores to testify for him." Again, according to the testimony, the juror, in referring to the women, made this statement: "Them whores didn't do a good job of lying."

We think the trial court fell into error in refusing to grant the motion for new trial. Information given by one of the jurors to others is new and other testimony. Holland v. State, 298 S. W. 898, and authorities cited. Where, after retiring, the jury received other evidence damaging to the appellant, the presumption of injury obtains. Holland v. State, supra.

Upon another trial the State should not be permitted to prove that appellant Gilson had filed his application for citizenship and that over a period of nineteen years such application had been refused.

A witness who testifies that he knows the general reputation of the accused as a peaceable and law-abiding man should be permitted to testify that such general reputation in that respect is good, notwithstanding such witness states that he has never heard that reputation discussed in the community. See Henderson v. State, 39 S. W. 116. A different rule prevails where the witness testifies that the reputation is bad. In such event, if the witness states that he has never heard any person say that the reputation of the accused was bad, he is not qualified to speak. Broussard v. State, 114 S. W. (2d) 248. If the witnesses offered by appellants touching their good reputation as peaceable and law-abiding men should, upon another

trial, state that they had never heard that reputation discussed, although they had been in a position to hear it discussed, they would be qualified to state that such general reputation was good.

It appears from one of the bills of exception that the injured party had filed a civil action against the appellants for the purpose of recovering damages for the assault they had made upon him. Appellants complain of the action of the court in not permitting them to question the injured party in more detail relative to the suit he had filed. While not predicating a reversal upon the bill of exception last mentioned, in view of another trial, we call attention to the following statement of the rule made by Mr. Branch in Section 163 of his Texas Annotated Penal Code: "The defendant is entitled to show animus and prejudice on the part of a State witness towards him, and its extent, and in such examinations great latitude is allowed when the object is to impeach the credit of such witness." In support of the text many authorities are cited, among them being Edwards v. State, 172 S. W. 233.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.