BILLY J. BARBER v. STATE.

No. 30,478. April 1, 1959.
State's Motion for Rehearing Overruled June 3, 1959.

*Warren Burnett* and *Mike Berry*, both of Odessa, for appellant.

*Leonard Howell*, County Attorney, Midland, and *Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is driving while intoxicated; the punishment, three days in jail and a fine of $50.00.

Our prior opinion dismissing the appeal is withdrawn.

Our disposition of this case makes unnecessary a statement of the facts. Appellant's bill of exception reflects that he called six witnesses who would have, had they been permitted to do so, testified that appellant's reputation as a sober, peaceable and law abiding citizen was good. The reason for the court's exclusion of such testimony was that they had never heard appellant's reputation discussed.

In Gibson v. State, 140 Texas Cr. Rep. 345, 145 S.W. 2d 132, this court said:

"A witness who testifies that he knows the general reputation of the accused as a peaceable and law abiding man should be permitted to testify that such general reputation in that respect is good notwithstanding such witness states that he has never heard that reputation discussed in the community."

See also Henderson v. State, 39 S.W. 116; Rose v. State, 92 Texas Cr. Rep. 560, 244 S.W. 1009; Ewing v. State, 120 Texas Cr. Rep. 137, 49 S.W. 2d 450; Weatherall v. State, 159 Texas Texas Cr. Rep. 415, 264 S.W. 2d 429; and Shelton v. Belknap, 282 S.W. 2d 682.

For the error shown, the judgment is reversed and the cause remanded.