SEAY, then you will find against the defendant on this issue."

We remain convinced that the charge as given by the court, was sufficient to submit appellant's defensive theory to the jury that he was selling his own stock in the corporation.

Nor do we agree that the court's action in giving the converse of the defensive charge constituted a comment upon the weight of the evidence and was error. Walker v. State, 52 Tex.Cr.R. 293, 106 S. W. 376.

Remaining convinced that the case was properly disposed of in our opinion on original submission, the motion for rehearing is overruled.

Opinion approved by the court.

**Frank Rhea FOLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 34433.

Court of Criminal Appeals of Texas.

March 14, 1962.

On Rehearing April 25, 1962.

T. M. Reid, Abilene, for appellant.

Leon B. Douglas, State's Atty., Austin,. for the State.

PER CURIAM.

The offense is driving while intoxicated; the punishment, 3 days in jail and a fine of $50.00.

The record on appeal contains no statement of facts or bills of exception. All proceedings appear to be regular, and nothing is presented for review.

The judgment is affirmed.

*ON APPELLANT'S MOTION FOR REHEARING*

BELCHER, Commissioner.

The record as perfected shows that the statement of facts and formal bills of exception were timely filed in the trial court and are now properly before this Court.

The testimony of the state sufficiently shows that the appellant was guilty as charged. Testifying in his own behalf, the appellant denied that he was intoxicated and stated that his physical appearance was due to his diabetic condition.

Bill of Exception No. 1 shows that Witness Young was called by the appellant on the issue of his reputation for sobriety. The bill recites that if he had been per--

mitted to do so, Witness Young would have testified that he was acquainted with the appellant and his general reputation in the community in which he lived for sobriety, and that said general reputation of the appellant for sobriety was good.

The trial court erred in sustaining the state's objection and in excluding the proffered testimony. Jean v. State, 163 Tex. Cr.R. 533, 294 S.W.2d 406; Commarrilo v. State, 164 Tex.Cr.R. 319, 299 S.W.2d 128; Barber v. State, Tex.Cr.App., 324 S.W.2d 553.

Appellant's motion for rehearing is granted and, for the error pointed out, the judgment is reversed and the cause is remanded.

Opinion approved by the Court.