**Steven Arlie CREECH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–81–0032–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 25, 1981.

Robert R. Scott, Houston, for appellant.

John B. Holmes, Dist. Atty., Ray Elvin Speece, Asst. Dist. Atty., Houston, for appellee.

Before WARREN, BASS and SMITH, JJ.

SMITH, Justice.

This is an appeal from a conviction of aggravated rape. The jury assessed the punishment at life imprisonment.

The evidence adduced at trial court revealed that the appellant abducted the complainant on October 9, 1979, around 11:15 p.m. He raped her, forcibly detained her for approximately two hours, pushed her out of the car, shot her and left her naked by the side of the road at approximately 1:00 a.m. At about this same time a Houston police officer had been summoned by an accident investigator to assist in an investigation of a possible abduction or shooting. As a result of conversations with witnesses the officer commenced a search for a silver/gray Honda. Approximately ten minutes later this officer saw a silver Honda automobile in which appellant was riding as a passenger. The officer followed the Honda and called for help. A chase eventually ensued with other police units joining in the chase. A West University police officer, in a marked police vehicle, joined the chase and the appellant discharged a weapon hitting that officer and his police car. The chase continued and the automobile in which the appellant was a passenger crashed while attempting to make a high speed turn. After the crash, the appellant threw a shotgun over the car into a yard.

■■ The appellant alleges, in his first ground of error, that the trial court erred in permitting testimony of an extraneous offense, i.e. the shooting at a police officer, which was a separate and distinct offense from the charge of aggravated rape. The appellant made no objection to the testimony concerning the shooting of the police officer during the trial. Where an objection has not been made to testimony, there is nothing for the appellate court to review. *Duffy v. State*, 567 S.W.2d 197 (Tex.Cr.App. 1978). Assuming, *arguendo*, that the appellant had made a timely and specific objection to the testimony concerning the shooting of the officer, the testimony would have been admissible under the facts of this case to show appellant's flight and arrest. *Arivette v. State*, 513 S.W.2d 857 (Tex.Cr.App.

1974). The appellant's first ground of error is overruled.

■ The appellant's second ground of error complains of the testimony of three character witnesses who were permitted to testify during the punishment stage of the trial, regarding the appellant's reputation. The appellant contends that these witnesses did not know the appellant in the community in which he lived or those with whom he associated.

The record reflects that as each of the witnesses about whom the appellant complains were called to the stand, the trial court, upon motion of the appellant removed the jury from the courtroom and permitted the appellant and the State to elicit testimony from each of these witnesses concerning the reputation of the appellant. In each instance the witnesses testified that they had talked with other lay persons in the community, as well as with the police, and that they were familiar with the appellant's reputation.

Appellant cites *Mitchell v. State*, 524 S.W.2d 510 (Tex.Cr.App.1975), and *Watson v. State*, 605 S.W.2d 877 (Tex.Cr.App.1980), as authority for his position that the reputation testimony was inadmissible. In *Mitchell*, a police chief was allowed to testify as to the defendant's bad reputation, which opinion was based solely on his knowledge of the defendant's rap sheet and on the facts of the offense. In *Watson*, a witness testifying as to an appellant's reputation had only talked to police officers about that appellant. These cases are distinguishable from the present case, because in this case witnesses' opinions were based on their conversations with other persons who were non-law enforcement officials, as well as conversations with law enforcement officials. The opinions were not based totally upon the appellant's commission of aggravated rape for which he was on trial, thus the testimony was admissible. *Williams v. State*, 604 S.W.2d 146 (Tex.Crim. App.1980), *Gilson v. State*, 140 Tex.Cr.R. 345, 145 S.W.2d 182 (1940). The appellant's second ground of error is overruled.

The judgment is affirmed.