Roland L. SKELTON, Appellant,

v.

STATE of Texas, Appellee.

No. 12–81–0141–CR.

Court of Appeals of Texas,
Tyler.

May 26, 1983.

Rehearing Denied June 29, 1983.

Discretionary Review Refused
Oct. 26, 1983.

Jim Vollers, Austin, for appellant.

Melvin Whitaker, Dist. Atty., Athens, for appellee.

COLLEY, Justice.

Appellant appeals his conviction by a jury of the offense of sexual abuse of a child. The trial court assessed his punishment at eight years confinement in the Texas Department of Corrections.

Appellant presents fifteen grounds of error which include a challenge to the sufficiency of the evidence. By ground No. 11 appellant claims that the evidence is insufficient to support his conviction because no proof was presented to the jury that the complainant was under the age of seventeen years at the time of the commission of the offense as alleged in the indictment. This ground is without merit. The victim testified at trial that she was going to be in the fourth grade and that she had an *older* sister Judy. The child's mother, Jo Anne Porter, testified that she had two children, the victim and another daughter Judy who was thirteen years of age. This testimony was uncontradicted, and constitutes proof of facts which logically and reasonably demonstrate that the victim in this case was under the age of seventeen years at the date of the commission of the offense. *Beason v. State,* 43 Tex.Cr.R. 442, 67 S.W. 96, 98 (1902). Appellant's ground of error No. 11 is overruled.

We will not address the remaining grounds of error raised by appellant for the reason that the record shows that the appellant in the trial below was deprived of his right to a fair and impartial trial which deprived him of due process of law, thereby rendering his conviction void. The record shows that after the State rested its case in chief appellant presented three character witnesses, Sam Fowler, Harley Wright and Jerry West. Fowler is an assistant superintendent for the Athens Public Schools; Wright is a college administrator at Henderson County Junior College and West is an Athens businessman operating an automotive parts store. Each of these witnesses testified that appellant's reputation in the community for being a peaceable and law-abiding citizen was good, excellent and very good, in that order. The State's cross-examination of the witnesses demonstrated that each witness had not heard appellant's character trait discussed by others in the community, and so the trial judge, on the State's motion, struck the testimony of each of the three witnesses and instructed the jury not to consider the same for any purpose. Such action constituted reversible error. *Gilson v. State,* 140 Tex.Cr.R. 345, 145 S.W.2d 182 (1940); *Baldwin v. State,* 538 S.W.2d 109 (Tex.Cr.App.1976); and *Barber v. State,* 168 Tex.Cr.R. 168, 324 S.W.2d 553 (1959). The error is of constitutional dimension and, therefore, we review the same in the interest of justice, although no ground raising the same is urged in this appeal. We are aware that Subdivision 13 of Article 40.09, V.A.C.C.P., was rewritten by Acts of the 67th Legislature. Chapter 291, Section 108, 1981 Tex.Gen. and Spec. Laws, 808. Such amendment omitted any reference to the review of "unassigned error in the interest of justice." Subdivision 13, as it existed prior to its amendment, authorized the Texas Court of Criminal Appeals, formerly the sole court having appellate jurisdiction in criminal cases, to review unassigned error, "[w]hich in the opinion of the Court of Criminal Appeals should be reviewed in the interest of justice." It is our opinion that the elimination of this provision from the Code of Criminal Procedure does not preclude the Courts of Appeal from reviewing so-called "unassigned error" where justice demands we do so. The Legislature certainly has authority within constitutionally permissible limits to prescribe rules of criminal procedure to be followed by the courts of the state. *Martinez v. State,* 134 Tex.Cr.R. 180, 114 S.W.2d 874

(1938). Assuming, without deciding, that the power of an appellate court to review unassigned error in criminal cases shown by the record is subject to regulation by the Legislature, nevertheless, we hold that under the provisions of V.A.T. Const., Article 5, Section 6, we have, unless the Legislature prescribes to the contrary, the authority to review unassigned errors shown by the face of the record in criminal appeals when in our opinion, it is in the interest of justice to do so. *Sutton v. State,* 41 Tex. 513 (1874). Where a defendant has been deprived of due process under the state and federal constitutions, indeed it is our constitutional duty to take appropriate decisional action to enforce such constitutional protections. *Ex parte Young,* 418 S.W.2d 824, 826 (Tex.Cr. App.1967); *Carter v. State,* 639 S.W.2d 13 (Tex.App.—Dallas 1982, pet. granted). In *Washington v. Texas,* 388 U.S. 14, 18, 87 S.Ct. 1920, 1923, 18 L.Ed.2d 1019 (1967), the Supreme Court quoted from *In re Oliver,* 333 U.S. 257, 68 S.Ct. 499, 92 L.Ed. 682 (1948), regarding the basic ingredients of due process: "[A] person's right to reasonable notice of a charge against him, *and an opportunity to be heard in his defense—a right to his day in court*—are basic in our system of jurisprudence; and these rights include, as a minimum, ... *[the] right to offer testimony* ...." (Emphasis added.) The Supreme Court in *Washington v. Texas, supra* at 388 U.S. 19, 87 S.Ct. 1923, went on to state:

> "[t]he right to offer the testimony of witnesses ... is in plain terms a right to present a defense ... to the jury so it may decide where the truth lies. Just as an accused has a right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense. *This right is a fundamental element of due process of law.*" (Emphasis added.)

The appellant had the right to introduce evidence of his good character as being a peaceable and law-abiding person at the guilt/innocence stage of the trial to show that it was improbable that he did the act charged. *Hamman v. State,* 166 Tex.

Cr.R. 349, 314 S.W.2d 301 (1958); *see also, Smith v. State,* 414 S.W.2d 659 (Tex.Cr.App. 1967). In the case at bar, the jury had the task of judging the credibility of the alleged victim and the appellant as well. The State's case rested solely on the testimony of the complainant. The appellant's defense rested solely on his testimony. The main issue for the jury was the credibility of the complainant versus the credibility of the appellant. The appellant's character witnesses, Fowler, Wright and West, were, judging by their respective occupations, men of good standing and of some stature in the community of Athens. The action of the trial court in striking their testimony stripped the appellant of important, even crucial, evidence in his behalf. The trial court's action constituted reversible error, as discussed above, and deprived the appellant of his due process right to present witnesses in his own behalf. *Washington v. State, supra.*

The judgment is reversed, and the case is remanded.

McKAY, Justice, dissenting.

I respectfully dissent. It is my view that in the absence of fundamental error this court does not have the authority to reverse a criminal conviction on the ground of "unassigned error in the interest of justice," where appellant waived the alleged error. There was no objection or exception by appellant to the action of the trial court in instructing the jury not to consider the reputation testimony of Sam Fowler, Harley Wright and Jerry West, and there is no ground of error on appeal. Appellant should have called the error to the attention of the trial court at some point during the trial to permit the court to correct its error; he should also have complained on appeal of the trial court action.

It is said in the recent case of *Rogers v. State,* 640 S.W.2d 248, 264 (Tex.Cr.App. 1982):

> It is a general rule that appellate courts will not consider any error which counsel for accused could have called, but did not

call, to the attention of the trial court at the time when such error could have been avoided or corrected by the trial court. *Esquivel v. State,* 595 S.W.2d 516 (Tex.Cr. App.1980), cert. denied 449 U.S. 986, 101 S.Ct. 408, 66 L.Ed.2d 251 (1980)... . This general rule also applies to constitutional questions. *Mendoza v. State,* 552 S.W.2d 444 (Tex.Cr.App.1977).

The general rule is that to preserve error there must be an objection in the trial court.

"Failure to object at trial waives error, if any." *Esquivel v. State, supra; Pizzalato v. State,* 513 S.W.2d 566, 568–9 (Tex.Cr.App. 1974).

To complain about the admissibility of a confession, even a violation of *Miranda,* and "other federally guaranteed constitutional rights, there must be an objection in the trial court." *Ex parte Bagley,* 509 S.W.2d 332, 333 (Tex.Cr.App.1974), and cases there cited.

*Boulware v. State,* 542 S.W.2d 677, 682–3 (Tex.Cr.App.1976), holds that failure to timely object waives any error in the admission of evidence and presents nothing for review, and further says:

In view of the recent decisions of the Supreme Court of the United States that a constitutional guarantee may be waived by a defendant's counsel for the failure to object such as to the improper organization of a grand jury at the trial level and our decisions above discussed on waiver, we hold that the failure to object to the improper exclusion of a venire member waives that right and it cannot be considered on appeal.

The court further held that all cases holding to the contrary were overruled.

Even if appellant was not required to object or except to the action of the trial court in withdrawing from the jury the reputation evidence, because of the posture of the case at the time, he has failed to present such action of the trial court as error on appeal, and has therefore waived same. The latest expression we find on the issue before us is in *McClure v. State,*

Tex.Cr.App., No. 62,125, delivered March 9, 1983, in which the court said:

On original submission a panel of this Court reversed the conviction for erroneous admission of evidence. The panel found the error to be fundamental, it not having been raised in the brief. Just as error at trial may be waived by failure to object on appeal error may be abandoned by failure to assert it in the brief. Because the issue was not raised by appellant before this court, the panel should not have considered it. The matter does not constitute fundamental error that should be considered in the interest of justice. The State's motion for rehearing is granted.

Considering the foregoing authorities it is my view that any objection to the trial court's exclusion of the reputation testimony was waived by failing to object; that there is no ground of error asserted on appeal; that due process or other constitutional grounds have been waived; that there was no fundamental error; and that we have no authority to reverse a case under these circumstances on the ground of "unassigned error in the interest of justice."