**Karen Christine RUMPH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–83–739CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 28, 1985.

Rehearing Denied March 21, 1985.

David W. Farley, Houston, for appellant.

Calvin Hartmann, Dist. Atty., J. Harvey Hudson, Asst. Dist. Atty., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and DRAUGHN and CANNON, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

Karen Christine Rumph was charged with the murder of her husband. She was found guilty by a jury, which assessed punishment at ten years probation and a fine of $10,000. Judgment was entered on the verdict and the court additionally sentenced appellant to 60 to 120 days imprisonment.

The police obtained a written statement from appellant that she shot her husband with a handgun. Appellant's motion to suppress this statement was overruled. Appellant contends in her first ground of error that the denial of the motion to suppress was error because the statement was not voluntary. The jury was made aware

of the statement through examination of appellant by her counsel. The State never attempted to introduce the statement into evidence. Even if we assume that the ruling on the motion to suppress was erroneous, such error does not vitiate the conviction, because the evidence sought to be surpressed was not introduced into evidence. *Brewster v. State,* 606 S.W.2d 325, 328 (Tex.Crim.App.1980); *Ferguson v. State,* 571 S.W.2d 908, 909 (Tex.Crim.App. 1978). Ground of error one is overruled.

■ In ground of error two appellant contends that the trial court erred in failing to exclude from the autopsy report the medical examiner's statement that the decedent's death was due to homicide. Appellant contends that the medical examiner's statement is a legal conclusion which he was not qualified to testify to. The statement was a factual conclusion, not a legal conclusion. Homicide is simply the "killing of a human being by another". Webster's Third New International Dictionary 1083 (1981). The fact that appellant shot and killed her husband was not contested at trial. Ground of error two is overruled.

■ In ground of error three, appellant contends that the trial court erred in refusing to allow some of appellant's character witnesses to testify because the witnesses had never specifically discussed the appellant's reputation. Appellant is correct in asserting that the fact that a witness has not heard the reputation discussed in the community does not disqualify him from testifying as to a person's reputation as a peaceable and law-abiding person. *Barber v. State,* 168 Tex.Crim. 168, 324 S.W.2d 553 (1959). However, the error in excluding the testimony was not preserved for review. Appellant did not by a bill of exception show what the testimony would have been if the witnesses had been allowed to testify. *Baldwin v. State,* 538 S.W.2d 109, 112–113 (Tex.Crim.App.1976). Ground of error three is overruled.

■ Appellant contends in her fourth ground of error that the trial court erred in permitting the state to use testimony about the offense for which appellant was on trial to attempt to impeach reputation testimony favorable to appellant. We have reviewed the testimony which appellant objected to and there is no reference to the offense appellant was charged with. In the objected to testimony appellant stated that the deceased's aunt told appellant's fellow employees that she had "evil ways." Appellant claims that the aunt's opinion is based upon the offense with which appellant was charged. However, the basis of aunt's opinion was not disclosed to the jury. Ground of error four is overruled.

■ Appellant contends in her fifth ground of error that the trial court erred in denying appellant's motion for dismissal or for a directed verdict of acquittal. Appellant waived any potential error in the trial court's denial of her motion by putting on a defense. *Kuykendall v. State,* 609 S.W.2d 791, 794 (Tex.Crim.App.1980); *Shirley v. State,* 501 S.W.2d 635, 637 (Tex.Crim.App. 1973). Ground of error five is overruled.

■ Appellant contends in her sixth ground of error that the trial court's charge to the jury incorrectly stated the elements of intent required to sustain a conviction. The charge of the Court which was submitted to the jury at the innocence-guilt phase of the trial stated the following:

> Our law also provides that a person commits the offense of murder if he intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual.

This language tracks the language of Sec. 19.02(a)(2) of the Texas Penal Code. The indictment stated:

> ... Defendant, heretofore on or about April 2, 1983, did then and there unlawfully intend to cause serious bodily injury to JAMES RIVERS RUMPH, JR., ... hereafter styled the Complainant, and did cause the death of the Complainant, by *intentionally and knowingly* committing an act clearly dangerous to human life, namely, shooting the Complainant with a firearm. (emphasis added)

Appellant appears to be complaining that the court's charge did not require the jury to find that she intentionally and knowingly committed an act clearly dangerous to human life. However, the court's charge contains equivalent language; it requires the jury to find that she intentionally caused serious bodily injury by committing an act clearly dangerous to human life. Since "intentionally" is a higher culpable state than "knowingly", there was no diminution of the State's burden of proof in the charge. TEX.PENAL CODE ANN. § 6.02(d) (Vernon 1974). The charge, therefore, did not permit conviction on proof different than nor less than that required by the indictment. *Cumbie v. State,* 578 S.W.2d 732, 734 (Tex.Crim.App. 1979). We find no fundamental error in the charge. Ground of error six is overruled.

In ground of error seven, appellant contends the trial court erred in refusing to include in the charge to the jury her requested instruction on the law of circumstantial evidence. The requirement of a circumstantial evidence charge has been abolished. *Hankins v. State,* 646 S.W.2d 191, 197 (Tex.Crim.App.1981). Ground of error seven is overruled.

In ground of error eight, appellant contends the trial court erred in permitting the prosecutor, to comment to the jury in summation on the appellant's failure to call her nine-year old son to testify. Appellant testified that at times her son was present when her husband beat her. The child was a competent and material witness to the facts leading up to the killing. The state is entitled to comment on appellant's failure to call such a witness and may argue that the reason the witness was not called by appellant is that the testimony would have been unfavorable to appellant. *Carrillo v. State,* 566 S.W.2d 902, 912 (Tex.Crim.App. 1978).

In ground of error nine appellant contends that the evidence of appellant's intent or state of mind is insufficient to support her conviction. The state was required to show beyond a reasonable doubt that appellant (1) intentionally or knowingly caused the death of an individual or (2) intended to cause serious bodily injury and committed an act clearly dangerous to human life that causes the death of an individual. TEX.PENAL CODE ANN. § 19.02(a)(1), (2) (Vernon 1974). The role of the appellate court in reviewing the sufficiency of the evidence is not to ask whether we believe that the evidence at trial established guilt beyond a reasonable doubt; it is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Girard v. State,* 631 S.W.2d 162, 163 (Tex.Crim.App.1982); *See Houston v. State,* 663 S.W.2d 455 (Tex. Crim.App.1984). We recognize that the presumption of an intent to kill from the use of deadly weapon per se is no longer valid under the Texas Penal Code. *Harrell v. State,* 659 S.W.2d 825 (Tex.Crim.App. 1983); *Gantz v. State,* 661 S.W.2d 213, 218 (Tex.App.—San Antonio 1983, pet ref'd).

Appellant admitted that she grasped the gun with both hands and shot her husband as he was coming towards her. The pathologist testified that the bullet travelled on a horizontal path through the victim's abdomen which was the cause of death. The bullet entered on the left side of the abdomen. Viewing this evidence in the light most favorable to the prosecution we find that a rational trier of fact could have found an intent to kill or to cause serious bodily injury. We overrule ground of error nine.

In ground of error ten appellant contends that the jury verdict is contrary to the law and evidence, because she created a reasonable doubt on the issue of self defense as a matter of law. The issue of self defense was presented to the jury. It is their province to assess the credibility and weight of the evidence on this issue. Their conclusion is not subject to appellate review. *Banks v. State,* 510 S.W.2d 592, 595 (Tex.Crim.App.1974). Ground of error ten is overruled.

In ground of error eleven appellant contends that the trial court erred in overruling appellant's objection to the following part of the prosecutor's argument at the punishment phase:

The second thing that should be considered is telling the defendant specifically what her actions are worth, what her actions, the actions which caused the death of James, are worth, her walking in with the gun and going in there and shooting him to death and then what her actions in getting on the stand and telling you what she told you are worth. What is it worth to malign a person who is not here to defend himself, who is dead? What are those actions worth in our city, in our county, in our state? You need to tell her by your verdict what it's worth to prepare your defense to all of a sudden becoming the best mother and going to church every week and starting to teach Sunday school classes after you have murdered your husband prior to the time of going on trial?

Appellant objected to this argument as improper because it suggested that appellant be punished for something other than the offense she committed.

■■■ The prosecutor's argument is an appropriate summation of the evidence concerning appellant's conduct, demeanor, and character. In sentencing, a jury may legitimately consider evidence heard during trial and appraise the demeanor and character of the accused. *Chaffin v. Stynchcombe,* 412 U.S. 17, 32, 93 S.Ct. 1977, 1985, 36 L.Ed.2d 714 (1973). The appellant's character is relevant to assessing punishment. *Aliff v. State,* 627 S.W.2d 166, 173 (Tex.Crim.App.1982).

■■■ Even were we to assume that such argument was improper, we conclude that appellant was not prejudiced by this argument. The jury convicted appellant of murder. The range of punishment is confinement in the Texas Department of Corrections for life or for any term not more than 99 years or less than five years. In addition to imprisonment, the individual may be punished by a fine not to exceed $10,000.

TEX.PENAL CODE ANN. § 12.32 (Vernon Supp.1984). The jury assessed punishment at ten years probation and a fine of $10,-000. Because the jury assessed punishment at the extreme lower end of the punishment range, we conclude that the argument was ignored by the jury and therefore harmless. Ground of error eleven is overruled.

■■■ In ground of error twelve appellant contends that the trial court erred in denying appellant's motion for a mistrial during the prosecutor's summation at the punishment phase, because the prosecutor argued that the jury should do what society requires in the assessment of punishment (i.e. put appellant in the penitentiary) and such improper argument cannot be cured by the court's instruction to disregard. *Bothwell v. State,* 500 S.W.2d 128 (Tex.Crim.App.1973); *Pennington v. State,* 171 Tex.Cr.R. 130, 345 S.W.2d 527 (1961). This improper argument was ineffective and not harmful to appellant. The jury gave appellant probation instead of penitentiary time. Ground of error twelve is overruled.

■■■ In ground of error thirteen appellant claims that the trial court erred in submitting at the punishment phase, instead of at the guilt/innocence phase, a special issue concerning appellant's use of a firearm. Appellant argues that the submission of the issue could be construed by the jury as an indication that they should assess a more severe punishment because a firearm was used. Appellant did not object to the submission of the issue. We do not agree with appellant's speculation that the issue gave such an indication to the jury. If there was any error, it was not fundamental. Point of error thirteen is overruled.

In ground of error fourteen, appellant contends that the trial court abused its discretion by ordering that: 1) appellant serve sixty to one hundred and twenty days in the Texas Department of Corrections because a firearm was involved and 2) ap-

pellant pay the $10,000 fine that the jury assessed within one year.

Appellant argues that the trial court abused its discretion in sentencing appellant to serve sixty to one hundred twenty days because appellant had no criminal history, several witnesses testified to appellant's good character, and the appellant's minor son needs her care. In view of the punishment range for the serious crime of murder, we do not believe that appellant has shown an abuse of discretion by the trial court in ordering a relatively short period of confinement.

Appellant asserts that the trial court's order to pay the $10,000 fine within one year as a condition of her probation constitutes an abuse of discretion because she is incapable of paying the fine by that time. Appellant's complaint is premature. If appellant's probation is revoked solely because of her failure to pay her fine and the state fails to demonstrate that she had the capability to pay, her complaint will then be ripe.

The judgment of the trial court is affirmed in all respects.