Adlai PENNINGTON aka Adlai Wayne Pennington, Appellant,

v.

The STATE of Texas, State.

No. 2–93–534–CR.

Court of Appeals of Texas, Fort Worth.

July 13, 1995.

Robert Ford, Fort Worth, for appellant on appeal only.

Tim Curry, Criminal Dist. Atty., Betty Marshall and Charles M. Mallin, Asst. Chiefs of Appellate Section, M. Jason Ankele, Charles Brandenberg, and Larry Thompson, Assts., Fort Worth, for appellee.

Before DAY, DAUPHINOT and RICHARDS, JJ.

## OPINION

RICHARDS, Justice.

Adlai Pennington appeals from his conviction for securing the execution of a document by deception. The jury assessed punishment of a two-year sentence probated for two years and a $10,000 fine. As a condition of probation, the trial court set restitution in the amount of $144,680.31, to be paid in monthly installments of $6,580 over the two-year probationary period.

Pennington's only point of error on appeal asserts the trial court erred in setting the restitution amount by failing to consider Pennington's ability to make the restitution payments. We conclude the trial court did not err because the record reflects that the court complied with article 42.12, section 11(b) of the Texas Code of Criminal Procedure. We affirm the judgment of the trial court.

Pennington argues the trial court failed to comply with article 42.12, section 11(b) of the Texas Code of Criminal Procedure in setting the amount of the monthly installment payments. Article 42.12, section 11(b) of the Texas Code of Criminal Procedure (Vernon Supp.1992) was amended, effective in 1990, to include the following language: "The court shall consider the ability of the probationer to make payments in ordering the probationer to make payments under this article."

Pennington avers that article 42.12, section 11(b) of the Texas Code of Criminal Procedure mandates that a probationer pay restitution according to his means. Pennington points out his monthly net income of $3,352 was exceeded by his expenses of $3,544, even

before including the monthly restitution of $6,580 imposed by the court. We disagree with Pennington's interpretation of what is required by article 42.12, section 11(b) of the Texas Code of Criminal Procedure.

The starting point for statutory analysis is the text of the statutory provision at issue. *Boykin v. State,* 818 S.W.2d 782, 785 (Tex.Crim.App.1991). Our duty is to attempt to discern the legislative intent or purpose of the statute by, if reasonably possible, giving effect to the plain meaning of the statute's language. *See id.* at 785–86. The language of article 42.12, section 11(b) of the Texas Code of Criminal Procedure is unambiguous.[1] It requires the trial court to "consider" the probationer's ability to make the payments ordered by the court. The language does not mandate that the payments be within the financial means of the probationers.

The Houston Fourteenth District Court of Appeals addressed a similar issue in *Rumph v. State,* 687 S.W.2d 489 (Tex.App.—Houston [14th Dist.] 1985, no pet.). In *Rumph,* the appellant was found guilty of murder and the jury assessed punishment of ten years' probation and a fine of $10,000. The appellant argued the trial court's order to pay the $10,000 fine within one year as a condition of her probation constituted an abuse of discretion because she was incapable of paying the fine by that time. In an opinion affirming the conviction, the court in *Rumph* held:

> Appellant's complaint is premature. If appellant's probation is revoked solely because of her failure to pay her fine and the state fails to demonstrate that she had the capability to pay, her complaint will then be ripe.

*Rumph,* 687 S.W.2d at 495.

The record reflects the following exchange between the court and Pennington's counsel, which indicates the rationale of the trial court in imposing the monthly payment:

THE COURT: ... I suppose you will need to live on something. You have some hefty fees. And that restitution is going to be an enormous amount on a monthly basis.

MR. CARTER [Counsel for Pennington]: He doesn't make that much, Judge, I am afraid.

THE COURT: That's why we have extensions.

Clearly, the trial court evaluated Pennington's other financial obligations and considered his probationary status. The trial court recognized the net effect of Pennington's inability to pay by the end of the two-year probationary period would potentially be grounds for an extension of time in which to pay the restitution.

We look to the record to determine whether the trial court indeed considered Pennington's ability to make restitution payments. As the following excerpt from the record reflects, the trial court first tried to determine how much was owed by Pennington to ascertain the total amount of restitution.

[PROSECUTOR]: I am figuring here the amount owed to lienholders.

. . . .

THE COURT: You are going to have objections to what they figure out?

[DEFENSE COUNSEL]: Sure. I have got to, Judge. He can't pay that amount of money. He doesn't have it.

THE COURT: No, an objection now is not going to be based on whether he can afford it or not. It's based on whether or not the money is right. Do you think you are going to have objections to the amount that he actually—I mean, the liens are documented, right? All he's got to do is look at the pieces of paper. You will have objections to the amount?

[DEFENSE COUNSEL]: I may have. There was dispute over work. That would be the shorthand, also disputes over whether they have been made paid, how

---

1. Where the plain language of the statute gives meaning to the statute, *extra*textual factors should not be a factor in statutory construction analysis. *See Boykin,* 818 S.W.2d at 785–86, n. 4. We do note that the legislative history of article 42.12, section 11(b) provides no explanation for why the Legislature added the language at issue in this appeal. *Compare* Act of May 4, 1989, 71st Leg., R.S., ch. 785, § 4.17, 1989 Tex. Gen.Laws 3471, 3505 *with* Act of June 5, 1990, 71st Leg., 6th C.S., ch. 25, § 8, 1990 Tex.Gen. Laws 108, 110.

much they were paid. I don't know whether this is accurate without checking into it.

In further proceedings on restitution, the trial court established the total amount of restitution to be $144,680.31. Pennington prepared a monthly expense and income statement for the trial court. The trial court reviewed the statement with Pennington in open court and verified Pennington owed monthly installment payments to the Internal Revenue Service in the amount of $1,400. The trial court confirmed Pennington paid $1,749 per month in rent but was actively seeking less expensive housing. The trial court then inquired about the education expenses for Pennington's child, who attends private school. Next, the trial court asked about the vehicles owned by the family and determined the vehicles were paid for.

Based on the evidence in the record, we conclude the trial court did consider Pennington's ability to pay restitution in accordance with the requirements of article 42.12, section 11(b) of the Texas Code of Criminal Procedure. Therefore, we conclude the trial court did not err in setting the monthly amount of restitution owed by Pennington. We affirm the judgment of the trial court.