Dismissed and Opinion filed December 19, 2002









Dismissed and Opinion filed December 19, 2002.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-02-00898-CR

____________

 

RODERICK KEITH COOPER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 23rd District Court

Brazoria County, Texas

Trial
Court Cause No. 30,909

 



 

M
E M O R A N D U M   O P I N I O N








Appellant was convicted of the offense of engaging in
organized criminal activityCaggravated robbery, and on August 17, 1998, the trial court
assessed punishment at confinement in the penitentiary for ten years,
probated.  The State moved to revoke
appellant=s probation on October 8, 2001.  On May 28, 2002, appellant filed a motion for
a speedy trial.  Before a hearing on the
speedy trial motion, the State moved to dismiss the revocation proceeding
because appellant=s capital murder trial was set for September 23, 2002, in
Harris County.  On June 25, 2002, the
trial court signed an order dismissing the State=s motion to revoke probation.  On July 1, 2002, appellant filed a motion to
amend the order of dismissal to prohibit the State from refiling
the motion to revoke on the same allegations. 
After a hearing, the trial court signed an order denying appellant=s motion on July 23, 2002.  On August 22, 2002, appellant filed a notice
of appeal.  

On December 9, 2002, the State moved to dismiss the appeal,
asserting that appellant=s claim is not ripe for adjudication until the State files a
subsequent motion to revoke probation on the same grounds alleged in the
initial revocation proceeding.  See
generally Burks v. State, 876 S.W.2d 877, 889 (Tex. Crim. App.1994) (finding claim of jeopardy from future
prosecution not ripe for consideration in appeal challenging sufficiency of
indictment); Rumph v. State, 687 S.W.2d
489, 495 (Tex. App.CHouston [14th Dist.] 1985, no pet.) (holding challenge alleging inability to pay fine imposed as
probation condition not ripe for review until probation revoked for failure to
pay).  In addition, the State has no
right to appeal an order granting a motion to quash a revocation of probation
motion.  State v. Cuellar, 815
S.W.2d 295, 297 (Tex. App.CAustin 1991, no pet.).  We likewise find no authority permitting
appellant to appeal the dismissal of a motion to revoke probation.  Appellant has submitted a brief that does not
address the issue of our jurisdiction over this appeal.  We agree with the State=s contention that appellant must
raise his complaints at such time as the State again moves to revoke his
probation on the same grounds alleged in the motion in this case.  The State=s motion is granted.

Moreover, even if the order dismissing the revocation were appealable, appellant=s notice of appeal was not filed
within thirty days of the order dismissing the motion to revoke.  See Tex.
R. App. P. 26.2(a)(1) (notice of appeal must be
filed within thirty days after the trial court enters an appealable
order).

Accordingly, the appeal is ordered dismissed.

PER CURIAM

Judgment rendered and Opinion
filed December 19, 2002.

Panel consists of Chief Justice Brister and Justices Hudson and Fowler.

Do Not Publish ‑ Tex. R. App. P. 47.3(b).