

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0536-13

**JOHN KENT MATHIS, Appellant**

**v.**

**THE STATE OF TEXAS**

**ON STATE'S PETITION FOR DISCRETIONARY REVIEW
FROM THE FIFTH COURT OF APPEALS
ROCKWALL COUNTY**

MEYERS, J., filed a dissenting opinion, in which KELLER, P.J., and KEASLER and HERVEY, JJ., joined.

## DISSENTING OPINION

I agree with the majority that Article 42.12 § 11(b) of the Texas Code of Criminal Procedure requires the trial court to consider a defendant's ability to pay before imposing monetary conditions of probation. However, I also agree with the State's assertion that the trial court did consider Appellant's ability to pay, as mandated. Therefore, the majority's remand of the case is wholly unnecessary.

During the sentencing hearing, the trial court understood Appellant's indigence and decided to require him to work with probation personnel regarding payment for the SCRAM device.[1] As the State points out, there was also no showing that Appellant would immediately default on the payment when due and subsequently be imprisoned. It seems clear that the court implicitly found that Appellant could make the payments by working with the probation office on the matter. There is no set standard as to what degree the court must consider a defendant's ability to pay and what evidence must be considered. I agree with the State and the Fort Worth Court of Appeals that the provision does not require that the payments be within a probationer's financial means because the probationer can request extensions. *See Pennington v. State*, 902 S.W.2d 752, 754 (Tex. App.–Fort Worth 1995, pet. ref'd). Remanding the case for the trial court "to be given an opportunity" to consider Appellant's ability to pay is a repetitive act that is a waste of judicial resources. The result will be the same as the first time the trial judge considered Appellant's ability to pay and any idea that the trial court's determination will be different is illogical.

Contrary to the majority's characterization, the trial court did more than simply acknowledge and reject Appellant's indigence argument and it did not abuse its discretion in ordering Appellant to pay for the SCRAM device. The court's remand of the case simply forces the trial court to do something it has already done. For the foregoing

---

[1]The majority even acknowledges that the "trial court seemed to understand the dilemma" during the sentencing hearing. *Mathis v. State*, No. PD-0536-13, slip op. at 3 (Tex. Crim. App. 2014).

reasons, I respectfully dissent.

Meyers, J.

Filed: March 12, 2014

Publish