

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0536-13

**JOHN KENT MATHIS, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIFTH COURT OF APPEALS
### ROCKWALL COUNTY

KELLER, P.J., filed a dissenting opinion in which KEASLER and HERVEY, JJ., joined..

The Court misconstrues the meaning of the word "consider" when it holds that the trial court in this case did not actually "consider" appellant's ability to pay the cost of a SCRAM device. I would hold, as Judge Meyers does, that the trial court did indeed consider appellant's ability to pay for the device–the court considered it and then decided that appellant should pay for the device.

The legislature knows how to require that payments be based on ability to pay. It knows the difference between requiring an action, giving a judge total discretion regarding an action, and requiring consideration of an action. Article 42.12, § 13(d) contains examples of all three of these

options.  That statute provides:

> If a judge requires as a condition of community supervision that the defendant participate in a prescribed course of conduct necessary for the rehabilitation of the defendant's drug or alcohol dependence condition, the judge shall require that the defendant pay for all or part of the cost of such rehabilitation *based on the defendant's ability to pay*.  The judge *may, in its discretion, credit such cost* paid by the defendant against the fine assessed.  In making a determination of a defendant's ability to pay the cost of rehabilitation under this subsection, *the judge shall consider* whether the defendant has insurance coverage that will pay for rehabilitation.[1]

This statute does not help appellant because it applies only to convictions under Chapter 49 of the Penal Code (Intoxication and Alcoholic Beverage Offenses).[2]  Appellant was convicted of sexual assault of a child.

> Article 42.12, § 11(b), which does apply to appellant, provides:

> The court *shall consider* the ability of the defendant to make payments in ordering the defendant to make payments under this article.[3]

It does not say, as Article 42,12, § 13(d) does, that the trial court's decision is to be "based on the defendant's ability to pay."

> As one court of appeals has said:

> The language of article 42.12, section 11(b) of the Texas Code of Criminal Procedure is unambiguous.  It requires the trial court to "consider" the probationer's ability to make the payments ordered by the court.  The language does not mandate that the payments be within the financial means of the probationers.[4]

> Also, when the trial court considered defense counsel's argument that appellant could not

---

[1]  TEX. CODE CRIM. PROC. art. 42.12, §13(d) (italics added).

[2]  *See id.*, § 13(a).

[3]  *Id.*, § 11(b) (emphasis added).

[4]  *Pennington v. State*, 902 S.W.2d 752, 754 (Tex. App.–Fort Worth 1995) (footnote omitted).

afford the SCRAM device, the court said "[W]e don't want him to be immediately in violation because he can't afford to do those things." There is no indication that the trial court intended to revoke appellant's probation for failure to pay for the SCRAM device. And appellant was required as a condition of probation to "work faithfully at suitable employment as far as possible." In ordering appellant to pay for the device, the trial court could take into account the fact that appellant might be able to afford the device in the future.

The Court quotes from *Ex parte Gonzales*, which is a case about recoupment of attorneys fees.[5] The holding in that case, though, is that a court may not order a defendant confined for failure to repay the costs of his legal defense unless the court considers the defendant's ability to pay. I agree. I also agree that this holding should apply to a defendant's ability to pay for a SCRAM device. But, first, the trial court has not ordered appellant confined for failure to pay, and it may never do so. And second, the trial court talked about appellant's ability to pay, thought over defense counsel's arguments, and told counsel that appellant should work it out with the probation department. That is, the court "considered" appellant's ability to pay.

I respectfully dissent.

Filed: March 12, 2014
Publish

---

[5] 935 S.W.2d 834 (Tex. Crim. App. 1997).