IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0536-13






JOHN KENT MATHIS, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FIFTH COURT OF APPEALS


ROCKWALL COUNTY





 Meyers, J., filed a dissenting opinion, in which Keller, P.J., and
Keasler and Hervey, JJ., joined.


D I S S E N T I N G O P I N I O N 




 I agree with the majority that Article 42.12 § 11(b) of the Texas Code of Criminal
Procedure requires the trial court to consider a defendant's ability to pay before imposing
monetary conditions of probation. However, I also agree with the State's assertion that the
trial court did consider Appellant's ability to pay, as mandated. Therefore, the majority's
remand of the case is wholly unnecessary.

 During the sentencing hearing, the trial court understood Appellant's indigence
and decided to require him to work with probation personnel regarding payment for the
SCRAM device. (1) As the State points out, there was also no showing that Appellant would
immediately default on the payment when due and subsequently be imprisoned. It seems
clear that the court implicitly found that Appellant could make the payments by working
with the probation office on the matter. There is no set standard as to what degree the
court must consider a defendant's ability to pay and what evidence must be considered. I
agree with the State and the Fort Worth Court of Appeals that the provision does not
require that the payments be within a probationer's financial means because the
probationer can request extensions. See Pennington v. State, 902 S.W.2d 752, 754 (Tex.
App.-Fort Worth 1995, pet. ref'd). Remanding the case for the trial court "to be given an
opportunity" to consider Appellant's ability to pay is a repetitive act that is a waste of
judicial resources. The result will be the same as the first time the trial judge considered
Appellant's ability to pay and any idea that the trial court's determination will be different
is illogical.

 Contrary to the majority's characterization, the trial court did more than simply
acknowledge and reject Appellant's indigence argument and it did not abuse its discretion
in ordering Appellant to pay for the SCRAM device. The court's remand of the case
simply forces the trial court to do something it has already done. For the foregoing
reasons, I respectfully dissent.


 Meyers, J.

Filed: March 12, 2014

Publish

1. The majority even acknowledges that the "trial court seemed to understand the dilemma"
during the sentencing hearing. Mathis v. State, No. PD-0536-13, slip op. at 3 (Tex. Crim.
App. 2014).